UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Dismiss [37] and Motion for Judgment on the Pleadings [40]**

Before the Court are two motions.

Defendant The Boeing Company ("Boeing") brings a Motion to Dismiss. (Mot. to Dismiss, Dkt. No. 37.) Plaintiff RJ Garwood ("Garwood") filed an opposition. (Opp'n to Dismiss, Dkt. No. 41.) Boeing replied. (Reply to Dismiss, Dkt. No. 43.)

Defendant MacD Helicopters, Inc. ("MacD") brings a Motion for Judgment on the Pleadings. (Mot. for J. on Pleadings, Dkt. No. 40.) Garwood opposed. (Opp'n to J. on Pleadings, Dkt. No. 42.) MacD filed a reply. (Reply to J. on Pleadings, Dkt. No. 44.) The parties appeared for oral argument on September 30, 2024.

For the following reasons, the Court **GRANTS** the Motion to Dismiss with leave to amend. The Court also **GRANTS** the Motion for Judgment on the Pleadings with leave to amend.

## I. BACKGROUND

On or about February 19, 2022, a MacD helicopter, series 500N, with the registration number 521HB ("Subject Helicopter") was destroyed when it made impact with the water off Newport Beach, California. (FAC, Dkt. No. 25, ¶ 1.) The Subject Helicopter was being operated by the Huntington Beach Police Department ("HBPD"). (Id.) Garwood, an HBPD pilot, escaped the impact with injuries. (Id.) Non-party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

Tactical Flight Officer Nick Vella was fatally injured.[1]  (Id.)

The flight was conducted as a public operation under visual flight rules, with the police helicopter performing right turns at night over a waterfront peninsula, supporting officers on the ground.  (Id. ¶ 2.)  Garwood alleges that the loss of in-flight control was caused by a defect in the yaw stability augmentation system ("YSAS"), which is part of the autopilot, designed to assist the pilot by augmenting its directional stability.  (Id. ¶ 3.)

Garwood brought claims for strict products liability, negligence, and breach of warranty against Boeing as the original manufacturer and MacD as the successor manufacturer.  In his FAC, Garwood alleges that "the Subject Helicopter was manufactured by Boeing in 1998."  (Id. ¶ 4.)  In 1999, Boeing completed a corporate spin-off of their light commercial helicopter lines, forming a new business entity, MacD.  (Id. ¶ 5.)  Garwood claims that MacD has continued to own the type certificate, hold the production certificate, distribute, license, manufacture, assemble, sell, design, supply, and support the 500N series helicopters . . . to include the YSAS system."  (Id. ¶ 6.)  Moreover, Garwood alleges that "[a]t all times herein relevant, Defendants, and DOES 2 –100, and each of them designed, manufactured, assembled, tested, inspected, trained pilots . . . and supported the 500N series helicopters."  (Id. ¶ 14.)

Garwood specified in the FAC that "[w]hen the Subject Helicopter was sold to the City of Huntington beach, the manufacturer was Boeing . . . before selling its light commercial helicopter lines, including the 500N series, to [MacD], making [MacD] the successor corporation to Boeing's light commercial helicopter lines."  (Id. ¶ 24.)  Additionally, "[f]rom the date of initial delivery through 19 February 2022, the Subject Helicopter and its component parts, to include the YSAS system, were in substantially the same condition as when it left Defendants' possession . . . ."  (Id. ¶ 28.)

Boeing filed a Motion to Dismiss on the basis that Garwood's claims are barred by the General Aviation Revitalization Act of 1994 ("GARA").  GARA is a statute of repose that was enacted to limit the liability of aircraft manufacturers.  MacD filed a Motion for Judgment on the Pleadings on the same basis.  Garwood disagrees.

---

[1] Vella has also brought a lawsuit in this Court.  While the parties' positions on the legal issues in dispute are similar, if not identical, the prayers for relief are distinct.  As such, the claims are separated and this Order will deal only with Garwood's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

## II. Legal Standard

  *A.  Motion to Dismiss*

  Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

  In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

  *B.  Motion for Judgment on the Pleadings*

  Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court should grant a motion for judgment on the pleadings if, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." McSherry v. City of Long Beach, 423 F.3d 1015, 1021 (9th Cir. 2005). The same standard as a Rule 12(b)(6) motion governs a Rule 12(c) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012); United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

In resolving a 12(b)(6) motion, a court uses a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must a court "accept as true a legal conclusion couched as a factual allegation." Id. at 678–80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

A court generally cannot consider material outside the complaint. In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). However, a court may consider exhibits submitted with or alleged in the complaint or matters that may be judicially noticed. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

### III. DISCUSSION

*A. Motion to Dismiss*

Defendant Boeing has filed a motion to dismiss on the basis that the claim is barred by the General Aviation Revitalization Act of 1994 ("GARA"). A complaint should be dismissed where the claim is barred by GARA. See Lyon v. Agusta S.P.A., 252 F.3d 1078, 1082 (9th Cir. 2001). GARA is a statute of repose that was enacted to address concerns "about the enormous product liability costs that our tort system had imposed upon manufacturers of general aviation aircraft." Id. at 1084. GARA was intended to prevent "the long tail of liability attached to those aircraft, which could be used for decades after they were first manufactured and sold." Id. GARA states:

> Except as provided in subsection (b), no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft . . . in its capacity as a manufacturer if the accident occurred . . . after the applicable limitation period [of 18 years].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:24-cv-00612-JVS-ADS                                Date    September 30, 2024

Title       RJ Garwood v. MacD Helicopters, Inc. et al.

GARA §§ 2(a), 3(3).  Boeing argues that GARA's statute of repose bars Garwood's claim.  Garwood disagrees, arguing that the Subject Helicopter is not governed by GARA because it fails to meet the definition of a "general aviation aircraft" because it is a "public aircraft" under the Federal Aviation Act.

Therefore, the questions before this Court are twofold.  First, is the vehicle in question a "general aviation aircraft" such that GARA is applicable?  Second, if so, has the applicable limitations period run?  For the following reasons, the Court finds the answer to both questions in the affirmative.

### 1.  General Aviation Vehicle

GARA defines a "General Aviation Aircraft" as (i) "any aircraft for which a type certificate or an airworthiness certificate has been issued[,]" (ii) that "had a maximum seating capacity of fewer than 20 passengers" and that (iii) "was not, at the time of the accident, engaged in scheduled passenger-carrying operations . . . ." GARA § (2)(c).

#### i.  Type Certificate or Airworthiness Certificate

For the purposes of GARA, a type certificate means a type certificate issued under § 603(a) of the Federal Aviation Act of 1958 ("FAAct").  GARA § 3(4).  An airworthiness certificate means a certificate issued under § 603(c) of the FAAct.

Boeing contends that the aircraft has a type certificate and thus, satisfies the first requirement to meet the statutory definition of a general aviation aircraft.  Indeed, Garwood's FAC explicitly states that "[a]t all times herein relevant, Defendants, and DOES 2–100, and each of them, owned the type certificate, held the product certificate, distributed, licensed, manufactured, assembled, sold, designed, supplied, and supported the 500N series helicopters and its component parts, to include the YSAS system . . . ." (FAC ¶ 13.)  Further, the FAC states that "Defendant [MacD] has continued to own the type certificate . . . ." (Id. ¶ 6.)  Garwood's FAC is supported by Boeing's submission of the actual type certificate for the 500N series aircraft owed by MD Helicopters Inc. since February 18, 1999.  (See Mot. to Dismiss, Ex. 1, at 1.)  As such, the first element of a general aviation aircraft is satisfied.

#### ii.  Maximum Seating Capacity Fewer than Twenty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

There is no express statement in the FAC concerning whether the Subject Helicopter has fewer than twenty seats.  However, the FAC likewise makes no statement that the aircraft has twenty seats or greater.  In looking at a picture of the Subject Helicopter provided in the FAC, (see FAC ¶ 3,) it is apparent that it's maximum seating capacity must be fewer than twenty.  Accordingly, the second element of a general aviation aircraft is satisfied.

### iii. Was not Engaged in Scheduled Passenger-Carrying Operations at the Time of the Accident

Finally, a general aviation aircraft is one that was not engaged in a scheduled passenger-carrying operation at the time of the accident.  Boeing avers that the accident did not occur during a scheduled passenger-carrying operation.  The allegations contained in the FAC agree.  The FAC states that at the time of the accident, it was "operated by Huntington Beach Police Department ("HBPD") as a public aircraft."  (Id. ¶ 1.)  The FAC specifies that the flight causing the accident was "conducted as a public operation under visual flight rules, with the police helicopter performing right turns at night over a waterfront peninsula, supporting officers on the ground."  (Id. ¶ 2.)  As such, on the basis of the allegations contained in the FAC, this Court concludes that the aircraft was not engaged in a scheduled passenger-carrying operation at the time of the crash.  Garwood does not dispute this conclusion in its opposition.

Accordingly, it appears that the Subject Helicopter neatly fits into the definition of a general aviation aircraft under GARA.

### 2. Public Aircrafts are not Mutually Exclusive to General Aviation Aircrafts Under GARA

Garwood argues that the Subject Helicopter is not governed by GARA because it was a "public aircraft" as defined by the FAAct, and therefore, cannot also be a "general aviation aircraft."  (See Opp'n to Dismiss at 5 (citing 49 U.S.C. § 40102(a)(37) ).)  In support, Garwood cites Kennedy for the proposition that the Ninth Circuit has "explicitly applied the definition of 'public aircraft' from 49 U.S.C. § 40102(a)(37) and affirmed that an aircraft used solely for military purposes by the U.S. government was classified as a public aircraft" and not a general aviation aircraft.  (See id. at 6–7 (citing Estate of Kennedy v. Bell Helicopter Textron, Inc., 283 F.3d 1107 (9th Cir. 2002)).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

While the Court agrees that Kennedy is binding authority, it disagrees with Garwood's interpretation of the case. In Kennedy, a structural defect in a helicopter led to a fatal accident killing the pilot. Id. at 1109. The defendant argued on a motion for summary judgment that the plaintiff's claim was barred by GARA. Id. The primary dispute "concern[ed] the event which triggers the running of the GARA limitation period." Id. at 1112. The Ninth Circuit held that "[b]ecause the helicopter began its service as a military aircraft, it was not at the time a general aviation aircraft, but rather a 'public aircraft.'" Id. The court subsequently concluded, "[a]s such, the helicopter was not required to have either a type certificate or an airworthiness certificate." Id. Key to the Ninth Circuit's reasoning was the question of when the limitations period would begin. Id. While the court did not specify, the strong suggestion was that the helicopter failed to satisfy the definition of a general aviation aircraft because it did not have its type certificate while with the military. Id. (asserting that the helicopter was not a general aviation aircraft when it was delivered to the military because a "public aircraft" is not required to have a type certificate). Accordingly, the helicopter was "first type certified and received its first airworthiness certificate" in 1986 rather than in 1970 when the Navy obtained it. Id. The court ultimately held that the claims were barred by the GARA statute of repose. Id.

Garwood's reliance on Kennedy is misplaced. First, the decision does not make as clear and explicit a distinction between public aircraft's and general aviation aircrafts as Garwood asserts. Indeed, the premise of the case concerns when the statutory period begins. Second, the court did not hold that a public aircraft can *never* be a general aviation aircraft. Rather, the court reasoned that at the time the Navy purchased the helicopter, it was not a general aviation vehicle because it did not have its type certificate.[2] The reason it did not have a type certificate was because it was a public aircraft, which is an aircraft that is not *required* to have a type certificate. Because the court's focus was on whether the helicopter had the type certification at the time of the

---

[2] The Court acknowledges the ambiguity in the phrasing of the Ninth Circuit opinion. "Because the Helicopter began its service as a military aircraft, it was not at the time a general aviation aircraft, but rather a 'public aircraft' . . ." certainly appears to suggest that these terms are mutually exclusive. See Id. However, the court's immediately proceeding sentence beginning with "[a]s such," suggests that the court was only opining on the "public aircraft" distinction as a means of justifying the type certificate status.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

accident and not whether it was a military aircraft, Kennedy does not militate an outcome.

Boeing turns to Schwartz to argue that a public aircraft and a general aviation aircraft are not mutually exclusive. This Court need not rely on Schwartz to reach its conclusion, but such case is instructive and persuasive here. In Schwartz, just as in this case, the plaintiff argued that "public aircraft" and "general aviation aircraft" were mutually exclusive. Schwartz v. Hawkins & Powers Aviation, Inc., No.04-cv-195-D, 2005 WL 3776351, at *3 (D. Wyo. Apr. 8, 2005). The court held that "nothing in the definition of "general aviation aircraft" in GARA explicitly prohibits an aircraft that meets the definition of a "public aircraft" under the [FAAct] from being considered a "general aviation aircraft" under GARA." Id. The court reasoned that GARA relied on and adopted FAAct interpretations in several definitions, including aspects of general aviation aircrafts, but did not specify that general aviation aircrafts could not include public aircrafts. Id. Therefore, "the terms 'public aircraft' and 'general aviation aircraft' are not mutually exclusive." Id.

This Court agrees that under a plain reading of GARA, the terms are not mutually exclusive. Such a reading is also consistent with the policy rationale behind GARA, which aims at freeing parties "from the burdens of trial" on the basis that "it is unfair to make somebody defend an action long after something was done or some product was sold." Kennedy, 283 F.3d at 1111. Presumably, such a policy extends to public aircrafts that also satisfy the criteria of a general aviation aircraft under GARA.

Accordingly, GARA is applicable.

### 3. The 18 Year Limitation Period has Run

A statute of repose is distinct from a statute of limitations. Burroughs v. Precision Airmotive Corp., 78 Cal. App. 4th 681, 689 (2000). A statute of limitations bars a lawsuit "filed more than a specified period of time after an injury occurs or is discovered." Id. A statute of repose, on the other hand, "is a bar on all suits brought more than a specified period after the date of manufacture of a product and delivery to the purchaser." Id. Under GARA, the statute of repose bars any claim after 18 years of manufacturing and delivery. GARA § 3(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

GARA provided a large shield to manufacturers in an attempt to revitalize the industry, increasing innovation and jobs while decreasing time and money spent litigating and settling products cases for old aircrafts.  See Burroughs, 78 Cal. App. 4th at 690–91.  In an attempt to strike a balance of fairness, the legislation included a "rolling" statute of repose, which restarts the 18-year period from the date that any part is replaced.  Id. at 691.  "This 'rolling' aspect of the statute of repose was intended to provide that victims and their families would have recourse against the manufacturer of the new component part in the event of a defect in the new part causing an accident."  Id.

The remaining question for this Court to address is whether the 18 year limitation period has run.  The FAC alleges plainly that "the Subject Helicopter was manufactured by Boeing in 1998." (FAC ¶ 4.)  The lawsuit was filed on February 15, 2024.  (Notice of Removal, Dkt. No. 1, ¶ 1.)  As such, 18 years has elapsed between the time of manufacturing and delivery, and the commencement of the action.  Accordingly, the limitation period has run.  There is no need to apply the rolling aspect of the statute of repose because the FAC also alleges that after 1999, Boeing ceased to manufacture the 500N series after completing a corporate spin-off and forming MacD. (FAC ¶ 4.)  Thus, Boeing could not have provided component parts or significant modification to trigger the rolling statute of repose.

Because GARA applies to Boeing as the original manufacturer and the 18 year statutory period has run, Garwood's claim against Boeing is barred.  Accordingly, the Court **GRANTS** the motion to dismiss with leave to amend within twenty-one (21) days.

    4.    Leave to Amend

Generally, courts should "freely give" leave when justice requires.  Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  But, "[a]lthough there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).  As the Ninth Circuit held, "[a] party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Russell v. Rolfs, 893 F.3d 1033, 1037 (9th Cir. 1990)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

Here, with leave to amend, it is possible for Garwood to cure the inadequate pleading by alleging an enumerated exception to GARA. Thus, the Court grants leave to amend.

    B.    *Motion for Judgment on the Pleadings*

Defendant MacD filed a Motion for Judgment on Pleadings on the basis that Garwood's claim was likewise barred by GARA. For the following reasons, the Court finds that Garwood's claim against MacD is barred by GARA.

    1.    <u>MacD is a Manufacturer Under GARA</u>

GARA prohibits civil damages for death or injury arising out of an action "against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other party of the aircraft, in its capacity as a manufacturer . . . ." GARA § 2(a). However, GARA does not define "manufacturer," nor specifically state whether a successor manufacturer falls within the protection of the statute. See <u>Burroughs v. Precision Airmotive Corp.</u>, 78 Cal. App. 4th 681, 692 (2000). Thus, the preliminary issue is whether MacD, as a successor manufacturer, is a manufacturer under GARA.

The FAC plainly alleges that "the Subject Helicopter" was manufactured by Boeing in 1998. (FAC ¶ 4.) After being manufactured, the FAC then claims that Boeing "completed a corporate spin-off" in 1999 and the new business entity, MacD, "continued to . . . manufacture, assembly, sell, design, supply, and support the 500N series helicopters." (<u>Id.</u> ¶ 6.) However, this allegation does not support the conclusion that MacD directly manufactured the Subject Helicopter under GARA. The FAC never claims that MacD contributed to the manufacturing of the Subject Helicopter. Indeed, the FAC is clear that "[w]hen the Subject Helicopter was sold to the City of Huntington Beach, the manufacturer was Boeing . . . before selling its light commercial helicopter lines, including the 500N series, to [MacD], making [MacD] the successor corporation . . . ." (<u>Id.</u> ¶ 24.) Therefore, any liability as a manufacturer must necessarily result from [MacD's] status as successor manufacturer.

At least one court has held that GARA extends to successor manufacturers. In <u>Burroughs</u>, the California Court of Appeal construed GARA to shield liability claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

against successor manufacturers. See Burroughs, 78 Cal. App. 4th at 692. The court found that the successor manufacturer was "part of the general aviation industry which GARA was specifically enacted to 'revitalize'" and thus, "precisely the type of entity GARA was designed to protect from the long tail of liability." Id. Further, the "central objective of GARA would be materially undermined if its protection did not apply to a successor to the manufacturer who, as part of its ongoing business, acquired a product line . . . ." Id.

The Court agrees with the reasoning in Burroughs. Here, MacD took over the line of 500N series helicopters, including manufacturing, assembly, distribution, warranties, marketing, licensing, sales, and support. (FAC ¶¶ 14–16, 24.) As such, if GARA shields Boeing, the original manufacturer, from defective product liability claims, it follows that MacD, the successor manufacturer who took over the duties and obligations of Boeing, would also be protected from such liability.

### 2. General Aviation Aircraft

As discussed previously, the Subject Helicopter is a general aviation aircraft within the meaning of GARA. The FAC alleges that MacD holds the type certificate, (FAC ¶ 6,) that the vehicle holds fewer than twenty passengers, (id. ¶ 3,) and that the accident did not occur during a scheduled passenger-carrying operation, (id. ¶ 2.) Accordingly, Subject Helicopter is a general aviation aircraft.

### 3. The 18-year Limitation Period has Run

As discussed above, the 18-year limitations period has elapsed as to Boeing because the Subject Helicopter was manufactured by Boeing in 1998 and the lawsuit commenced on February 15, 2024. Key to this outcome, however, is the allegation that Boeing ceased to operate the 500N series after 1998 and thus, could not have provided component parts or significant modification. The issue is thus whether Garwood has alleged any changes or modifications such that the rolling aspect of the statute of repose may be invoked.

To the contrary, the FAC expressly alleges that "[f]rom the date of initial delivery through 19 Feburary 2022, the Subject Helicopter and its component parts, to include the YSAS system, were in substantially the same condition as when it left Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

possession, except for minimal, normal, and reasonably foreseeable use." (Id. ¶ 28.) Such claim is fatal for Garwood. The statute of repose will not roll and thus 18 years has elapsed between the manufacturing and delivery, and the lawsuit.

Accordingly, the Court **GRANTS** the Motion for Judgment on the Pleadings with leave to amend within twenty-one (21) days.

### 4. Need for More Discovery

A complaint must contain the allegations sufficient to plausibly allege a wrongdoing. See Twombly, 550 U.S. at 570. It is not enough for a plaintiff to "rely solely on the speculative promises of discovery to survive a motion to dismiss." Kabir v. Flagstar Bank, FSB, No. SACV 16-360-JLS (JCGx), 2016 WL 10999326, at *4 (C.D. Cal. May 11, 2016); see also Cotti v. Pa Chang, 2020 WL 2572771, at *13 (N.D. Cal. May 21, 2020) (finding that the plaintiffs had conceded allegations of wrongdoing as inadequate by demanding the court to allow discovery to find misrepresentation).

Garwood argues that more discovery is required to determine whether an exception to GARA applies. However, plaintiff concedes in opposition that "[w]ithout discovery, Plaintiff cannot fully establish whether these exceptions apply." (Opp'n to Mot. for J. on Pleadings at 14.) While Garwood is correct that it is not appropriate to engage in a factual analysis on a motion to dismiss, Garwood has provided no allegations in the complaint suggesting that any of the exceptions have been met or could satisfy either the Iqbal pleading standard or heightened Rule 9(b) standard for misrepresentation. As such, the Court declines to deny the motion to dismiss on the basis that plaintiff needs additional discovery.

### 5. Leave to Amend

For the aforementioned reasons, the Court finds that leave to amend is appropriate.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss with leave to amend within twenty-one (21) days. The Court **GRANTS** the Motion for Judgment on the Pleadings with leave to amend within twenty-one (21) days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-00612-JVS-ADS | Date | September 30, 2024 |
| Title | RJ Garwood v. MacD Helicopters, Inc. et al. | | |

**IT IS SO ORDERED.**